No. 439
MILLER v. STATE
Ohio Appeals, 2nd Dist., Franklin Co
No. 1298. Decided March 27, 1925

465. ERROR—Conviction for crime will not be reversed unless verdict is manifestly contrary to the weight of the evidence, and reviewing court will always hesitate to do so when doubts of its propriety arise out of a conflict in oral testimony.
ALLREAD, J.

Scott Miller was indicted upon a charge of murder in the second degree; and in the Franklin common pleas was convicted of same. Miller was alleged to have shot and killed one, James Lindly, and he admitted it but claimed it was justifiable under the plea of self-defense. Miller prosecuted error claiming that the verdict was contrary to the weight of the evidence, and alleged the conduct of the prosecuting attorney in the examination of witnesses was improper. He also claimed that the lower court erred in refusing to grant a motion for a new trial. The court of appeals held:

1. A judgment will not be reversed because the verdict is contrary to the weight of the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do so where doubts of its propriety arise out of a conflict of oral testimony. Breese v. State. 12 OS. 146.

2. The action of a trial court in refusing to grant a motion for a new trial on the ground of newly discovered evidence will not be disturbed unless there is an abuse of discretion. The overruling of the motion was not such an abuse as would warrant the reversal of the trial court's judgment. Judgment affirmed.

Attorneys—Daisy Perkins and Adolph Gold-

fredrick for Miller; John R. King, Pros. Atty., and Paul C. Hicks, Asst. Pros. Atty., for State; all of Columbus.

---

No. 441
KOHENY v. KILBURY, Treas
Ohio Appeals, 6th Dist., Lucas Co.
No. 1498. Decided March 23, 1925.

661. INTOXICATING LIQUORS—One sale is sufficient to constitute trafficking in.
RICHARDS, J.

Julia Koheny brought an action to enjoin Claude Kilbury, the County Treasurer, from collecting an assessment against her property on the claim that she was engaged in the business of trafficking intoxicating liquors thereon. The Lucas common pleas found that she was engaged in that business and adjudged dthat she should pay $391.79. Error was prosecuted and Koheny contends that she is not liable for the assessments because: (1) Only one sale was made by her and one sale does not amount to a trafficking in intoxicating liquors. (2) That 6072 GC. requiring one so engaged to give a bond to entitle one to a rebate, has no application because of the consitutional prohibition amendment. The court of appeals held:

1. It is held in Ohio that a single sale is sufficient to amount to trafficking in intoxicating liquors.

2. If one who was lawfully engaged in the business before prohibition was required to give bond before being entitled to a rebate, the same requirement would, for a stronger reason, be applicable to one who is conducting the business in violation of law. Judgment affirmed.

Attorneys—Eva. E. Shaw, for Koheny; Roy R. Stuart, Pros. Atty. and Edwin Barger, Asst. Pros. Atty. for Kilbury; all of Toledo.